WATKINS, Judge.
This is an action for personal injury brought by Sarah McKneely, who was driving a 1975 Chevrolet, against Curtis I. Roberson, the driver of an 18 wheeler truck with which Ms. McKneely collided, Bruce Young, the owner of the truck, The Home Insurance Company, the insurer which held in force a policy of liability insurance issued to Young covering the said truck, and the State Farm Mutual Automobile Insurance Company, Ms. McKneely’s uninsured/under-insured motorist insurer. State Farm filed an intervention stating that it had paid Sarah McKneely and Howard McKneely the sum of $1,599.00 under its policy, and was subrogated in that sum to the claim of Ms. McKneely against Young, Roberson and Home Insurance. The trial was held before a jury, which returned a verdict finding Ms. McKneely contributorily negligent, and the trial court rendered judgment for defendants dismissing Ms. McKneely’s claim. We affirm.
The collision took place in extremely foggy conditions shortly after 8:00 a.m. on April 12, 1980, on Scenic Highway north of Baton Rouge. At the point of the accident, Scenic Highway has one northbound and one southbound lane. Ms. McKneely was proceeding south when the truck driven by Roberson entered the highway from the west at a four-way intersection, apparently attempting to turn to his left onto Scenic Highway. Ms. McKneely testified that she did not see the truck until it was about 10 feet away because her view was obscured by the fog. According to Ms. McKneely she was proceeding south at approximately 20 mph although the speed limit was 45 mph, her reduced speed having been necessitated by the extremely dense fog. The intersection was controlled by a flashing yellow light facing traffic on Scenic Highway and a flashing red light and stop sign facing traffic on the intersecting road which the truck was leaving. The truck driver testified that he remained stopped at the stop *40 sign and flashing light for two minutes before proceeding out onto Scenic Highway, onto which he was attempting to make a left (northward) turn. The testimony is in agreement that the McKneely vehicle struck the left rear wheels of the trailer attached to the truck in Ms. McKneely’s lane of travel.
The jury was properly charged on the duties of a driver approaching a flashing caution light, and a flashing red light and stop sign, respectively.
LSA-R.S. 32:234 controls the duties of a driver approaching a flashing red light and reads in pertinent part as follows:
“(1) FLASHING RED (STOP SIGNAL) — When a red lens is illuminated with rapid intermittent flashes, drivers of vehicles shall stop before entering the nearest cross-walk at an intersection or at a limit line when marked, or, if none, then before entering the intersection, and the right to proceed shall be subject to the rules applicable after making a stop at a stop sign.”
LSA-R.S. 32:123 B. concerns the duties of a driver encountering a stop sign:
“B. Except when directed to proceed by a police officer or traffic-control signal, every driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the cross walk on the near side at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.”
Thus, Roberson, the truck driver, was guilty of negligence in failing to yield the right of way to the McKneely vehicle at the intersection.
However, under the pertinent portion of LSA-R.S. 32:234, a driver who approaches a flashing yellow light may proceed past the signal only with caution:
“(2) FLASHING YELLOW OR AMBER (CAUTION SIGNAL) — When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through or past such signal only with caution.”
We cannot find that the jury was clearly wrong in finding that Ms. McKneely was negligent, for the very obvious reason that she did not proceed with the required degree of caution. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). Ms. McKneely testified that she did not slow down from her steadily maintained speed of 20 mph as she approached the intersection. Yet, she drove down Scenic Highway past that intersection daily on the way to work and should have been aware that the intersection and caution light were there and acted accordingly, especially under the extremely foggy conditions. A motorist is required to operate his vehicle with an unusually high degree of care when he is proceeding in hazardous atmospheric conditions, such as fog. Little v. Mississippi Chemical Express, Inc., 285 So.2d 267 (La.App. 3d Cir.1973), writ refused 288 So.2d 357 (1974). Furthermore, Roberson estimated Ms. McKneely’s speed at 50 or 55 mph, although he admitted this was only an estimate. Ms. McKneely, the jury could reasonably find, was not driving with that degree of caution which atmospheric conditions, and the flashing yellow light marking the intersection, required.
Trooper Willard Carter, Louisiana State Police, who investigated the accident, testified at length at the trial. He interviewed only Roberson, the truck driver, as Ms. McKneely was on the way to the hospital when Trooper Carter reached the scene of the accident. His testimony may have been colored by the fact that he had interviewed only Roberson. Most of Trooper Carter’s testimony was based on hearsay and involved a statement of Trooper Carter’s opinion as to how the accident took place, although Trooper Carter was not qualified as an expert witness. Counsel for Ms. McKneely did not object to this testimony. *41 In fact, he propounded some of the questions leading to the improper testimony. As counsel for Ms. McKneely failed to object, the testimony does not constitute a basis for setting aside the jury’s verdict or granting a new trial. It is true a plat of the supposed positions of the vehicles at the time of the accident, prepared by Trooper Carter, was improperly introduced in evidence over objection of counsel for plaintiff. The plat should have been excluded as the truck had been moved before Trooper Carter arrived on the scene of the accident, and, thus, the plat was based upon second hand knowledge and constituted opinion. However, the plat was merely corroborative of Trooper Carter’s hearsay and opinion testimony to which counsel for plaintiff failed to object. It is too late for counsel for plaintiff now to object to that testimony as indeed he does not on appeal.
Appellant contends that comparative negligence under LSA-C.C. art. 2323 should have been applied. However, Act No. 431 of 1979, which amended art. 2323 to introduce the concept of comparative negligence into Louisiana law, took effect on August 1, 1980. The accident sued upon occurred April 12, 1980; hence, comparative negligence does not apply.
The verdict of the jury not having been clearly wrong, the judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.